UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS BAKER, in his Individual Capacity, § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-03103 | |
| § | | |
| DEPUTY CONSTABLE SEBASTIAN, § In his Individual Capacity, DEPUTY § CONSTABLE C. HOOVER, in his § Individual Capacity (aka C. Hoover), § HARRIS COUNTY, § Defendants. § | | |

# DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS
# PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "the County") files this Motion to Dismiss Plaintiff's Amended Complaint [Doc. #18] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

## TABLE OF CONTENTS

I. Statement Of The Nature and Stage of Proceedings ................................................................... 1

II. Statement of Issues and Standard of Review ........................................................................... 1
   A. Statement of Issues. ............................................................................................................. 1
   B. Standard of Review. ............................................................................................................. 1

III.    Argument and Authorities.......................................................................................... 3
   A.   Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Harris County ............................................................................................................................. 3
      B.   Conclusion. ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Aguirre v. City of San Antonio*, 995 F.3d 395 (5th Cir. 2021) ...................................................... 14
*Alcala v. Texas Webb Cnty.*, 620 F. Supp. 2d 795 (S.D. Tex. Jun 3, 2009) ................................. 12
*Alvarado v. City of Brownsville*, 865 S.W.2d 148 (Tex. App. – Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex. 1995) ................................................................................. 13
*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) ................... 3
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 2, 3
*Ayala v. Aransas Cnty.* 2018 WL 10373638 (S.D. Tex. Jan. 16, 2018) ........................................ 10
*Baker v. Putnal,* 75 F.3d 190 (5th Cir.1996) ................................................................................. 3
*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997) .............................................. 5
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................. 2, 3, 7, 9
*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). 4
*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ......................................................... 3
*Bustos v. Martini Club, Inc.*, 599 F.3d 458 (Tex. 2010) .............................................................. 11
*Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003) ............................................................ 11, 13
*Chavez v. Alvarado*, 550 F.Supp.3d 439 (S.D. Tex. Jul. 22, 2021) ......................................... 13, 14
*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762 (5th Cir. 2019) ................................... 3, 7, 9
*City of Galveston v. State*, 217 S.W.3d 466 (Tex. 2007) ............................................................ 12
*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981) ..................................................... 14
*City of San Antonio v Riojas*, 640 S.W.3d 534 (Tex. 2022) ........................................................ 12
*City of San Antonio v. Maspero*, 640 S.W.3d 523 (Tex. 2022) .................................................. 12
*City of Waco v. Williams*, 209 S.W.3d 216 (Tex. App.-Waco 2006) ........................................... 13
*City of Watauga v. Gordon*, 434 S.W.3d 586 (Tex. 2014) .......................................................... 13
*Connick v. Thompson*, 563 U.S. 51 (2011) ................................................................................ 4, 9
*Covington v. City of Madisonville*, 812 Fed. App'x. 219 (5th Cir. 2020) ..................................... 4
*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) .................................................................... 4, 6
*Davidson v. City of Stafford,* 848 F.3d 384 (5th Cir. 2017) ........................................................ 4, 7
*Flores v. Harris*, 2019 WL 3216581 (S.D. Tex. July 17, 2019) .................................................. 10
*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) .......................................................... 5
*Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011) ..................................................................... 11
*Gil Ramirez Group, LLC v. Houston I.S.D.*, 786 F. 3d 400 (5th Cir. 2015) ................................ 11
*Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745 (5th Cir. 1993) .......................................... 5
*Graham v. Dallas Area Rapid Transit*, 288 F.Supp.3d 711 (N.D. Tex. 2017) ............................ 13
*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .................................................................................. 3
*Harmon v. City of Arlington, Texas*, 16 F.4th 1159 (5th Cir. 2021) ......................................... 3, 9
*Harris County v. Annab*, 547 S.W.3d 609 (Tex. 2018) .............................................................. 14
*Henderson v. Anderson*, 2011 WL 13182873 (S.D. Tex. Feb. 15, 2011), *aff'd,* 463 F. App'x 247 (5th Cir. 2012) ........................................................................................................................... 10
*Holley v. Blomberg*, 142 F.Supp.3d 517 (S.D. Tex. Oct. 23, 2015) ............................................ 10
*James v. Harris Cnty.*, 577 F.3d 612 (5th Cir. 2009) .................................................................... 5
*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) ............................................................................. 2
*Lincoln v. Turner*, 874 F.3d 833 (5th Cir. 2017) .......................................................................... 3

*Mission Consol. I.S.D. v. Garcia*, 253 S.W. 3d 653 (Tex. 2008) .................................................. 11
*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ............................... 4, 5, 6
*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ............................... 2
*Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579 (5th Cir. 2013) ................................................ 12
*Oliver v. Scott,* 276 F.3d 736 (5th Cir. 2002) ............................................................................... 3
*Papasan v. Allain*, 478 U.S. 265 (1986) ....................................................................................... 6
*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ................................................ 4, 6
*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) ................................................... 4, 7
*Pinder v. Skero*, 2017 WL 11612501 (S.D. Tex. Sept. 6, 2017) .................................................... 9
*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) .................................................. 4, 5, 6
*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020) ........................................................ 4
*Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006) .......................................... 12
*Riggs v. City of Pearland*, 177 F.R.D. 395 (S.D. Tex. 1997) ...................................................... 13
*Roberts v. City of Shreveport*, 397 F.3d 287 (5th Cir. 2005) .................................................... 8, 9
*Robinson v. Hunt County, Tex.*, 921 F.3d 440 (5th Cir. 2019) .................................................... 14
*San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244 (Tex.2004) ............................................... 13
*Shields v. Twiss*, 389 F.3d 142 (5th Cir. 2004) ........................................................................... 10
*Spiller v. City of Texas City*, 130 F.3d 162 (5th Cir. 1997) ........................................................... 5
*Swilley v. City of Houston*, 457 Fed. App'x 400 (5th Cir. 2012) ................................................. 10
*Taylor v. Gregg*, 36 F.3d 453 (5th Cir. 1994) .............................................................................. 13
*Tex. Dep't. of Crim. Just. v. Rangel*, 595 S.W.3d 198 (Tex. 2020) ........................................ 13, 14
*Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636 (Tex. 1999) ......................................................... 12
*Tolan v. Cotton*, 2015 WL 5310801 (S.D. Tex. Sept. 11, 2015) .................................................. 13
*Univ. of Texas Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640 (Tex. App.—Houston [14th Dist.] 2011, no pet.) .......................................................................................................... 12
*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ................................................................. 4
*Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) ................................................................................................................... 5
*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019) ........................................... 2
*Williams v. Banks,* 956 F.3d 808 (5th Cir. 2020) .......................................................................... 6
*Ziglar v. Abassi*, 137 S.Ct. 1843 (2017) ..................................................................................... 10

**Statutes**

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 1
Fed. R. Civ. P. 8(a)(2) ................................................................................................................... 2
Tex. Civ. Prac. & Rem. Code §101.001(3) ................................................................................... 11
Tex. Civ. Prac. & Rem. Code §101.021 ................................................................................. 12, 13
Tex. Civ. Prac. & Rem. Code §101.057 ....................................................................................... 13
Tex. Civ. Prac. & Rem. Code §101.106(e) ................................................................................... 11
Tex. Gov't Code §311.034 ............................................................................................................ 12

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1. This lawsuit stems from the arrest of Plaintiff on or about August 28, 2020 in Harris County, Texas [Doc. #18]. Plaintiff alleges that the collective actions of named defendants violated his Fourth and Fourteenth Amendment rights when Harris County Precinct #4 Deputies ("Precinct #4 Deputies") tased him to effect his arrest. Plaintiff has asserted a general *Monell* claim against the County. Plaintiff also asserts a state tort claim and seeks damages, including punitive damages, against all named defendants.

2. Harris County filed a timely motion to dismiss Plaintiff's Original Complaint [Doc. #6]. With the Court's permission, Plaintiff filed his First Amended Complaint ("Amended Complaint") on November 8, 2022 [Doc. #18]. The Amended Complaint, however, does not address the pleading deficiencies outlined in the motion to dismiss filed by Harris County [Doc. #6]. Based on the pleadings, Plaintiff's allegations against Harris County remain general, conclusory allegations masquerading as factual conclusions of governmental liability. As such, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and respectfully moves this Court to dismiss Plaintiff's claims against the County pursuant to Rule 12(b)(6).

## II. STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A. Statement of Issues.**

3. The issue to be ruled upon by the Court regarding Harris County is whether or not Plaintiff failed to state any claim upon which relief can be granted against Harris County?

**B. Standard of Review.**

4. **Rule 12(b)(6).** Rule 12(b)(6) allows a defendant to seek dismissal if a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion, therefore, tests the legal sufficiency of the claims stated in the complaint and must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

5. Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

6. When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "The court does not, however, 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Harmon v. City of Arlington, Texas*, 16

F.4th 1159, 1162-1163 (5th Cir. 2021) (quoting *Ashcroft*, 556 US at 678); *see also Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("plaintiff must allege facts that support the elements of the cause of action in order to make out a valid claim").

7. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (internal citation omitted). Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765; *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

### III. ARGUMENT AND AUTHORITIES

**A. Plaintiff Fails to State Any Claim Upon Which Relief Can Be Granted Against Harris County**

8. Plaintiff globally alleges that all named defendants violated his constitutional rights [Doc. #18]. When suing multiple defendants, Plaintiff must show specific conduct of each defendant sued and identify the actions of each defendant that allegedly constitutes a constitutional deprivation. *See Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002); *Baker v. Putnal,* 75 F.3d 190, 195 (5th Cir. 1996). Based on the Amended Complaint, Plaintiff has not met this basic pleading

3

burden and his global claims against Harris County fail.

### (1) Plaintiff's *Monell* claim against Harris County fails as a matter of law.

9. "[U]nder §1983, local governments are responsible <u>only</u> for '<u>their own</u> illegal acts.'" *Connick v. Thompson*, 560 U.S. 51, 60 (2011) (emphasis added); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). As a result, governmental entities cannot be held liable on a *respondeat superior* basis, i.e., Harris County is not vicariously liable for the actions of Precinct #4 Deputies, even if unconstitutional. *See Connick*, 560 U.S. at 60; *Monell*, 436 U.S. at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578).

10. To state a §1983 municipal liability claim against Harris County, Plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020)(a plaintiff must "plead facts that plausibly support <u>each</u> element of §1983 municipal liability"). "[Governmental] liability must be predicated upon a showing of 'fault,' not merely 'responsibility.'" *Connick*, 51 U.S. at 60 (emphasis added) ; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.) (en banc), *cert. denied*, 472 U.S. 1016 (1985). It is therefore, crucial that

governmental culpability and governmental causation "not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Piotrowski*, 237 F.3d at 579. A plaintiff, therefore, bears the burden of demonstrating that, through <u>deliberate indifference</u>, Harris County was the 'moving force' behind the injury alleged. *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.); *James v. Harris Cnty.*, 577 F.3d 612, 617-619 (5th Cir. 2009); *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

11. Deliberate indifference is a stringent standard of fault, requiring proof that a final policymaker disregarded a known or obvious consequence in the execution of a government's policy. *Monell*, 436 U.S. at 694; *Fraire*, 957 F.2d at 1277. A mere showing of generalized risk is insufficient to establish deliberate indifference; rather, a plaintiff must show that a reasonable policy maker would conclude that the constitutional deprivation that occurred was a plainly obvious consequence of the policymaker's decision. *See Brown*, 520 U.S. at 411. Thus, a plaintiff must allege facts which show not only an unconstitutional decision, but *a decision by Harris County to* violate *the Constitution*. *See Gonzalez v. Ysleta Indep. School Dist.*, 996 F.2d 745, 759 (5th Cir. 1993) (emphasis added).

12. "In addition to culpability, [the pleadings must show] a direct causal link between [an identified] municipal policy and the constitutional deprivation." *Piotrowski*, 237 F.3d at 579. Therefore, and for purposes of a Rule 12(b)(6) motion, "the plaintiff's description of a [governmental] policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; <u>it must contain specific facts</u>." *Spiller v. City of Texas City*, 130 F.3d 162, 167 (5th Cir. 1997) (emphasis added); *see also Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057 at *12 (S.D. Tex. Sept. 30, 2011) (Rosenthal, J.)

("conclusory allegations of the existence of an unwritten policy, practice, or custom are … insufficient."). The Court is "not bound to accept as true [Plaintiff's] legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

13. **No Policy or Custom.** Other than the recitation of Harris County Sheriff's Office policy on Tasers, which is not the policy for Harris County Precinct #4 deputies, Plaintiff falls short of alleging plausible facts that the County's Taser policy was the direct cause of the violation of his constitutional rights which is necessary to state a *Monell* claim [Doc. #18, ¶¶83-85]. *See Piotrowski*, 237 F.3d at 578-549; *Pena*, 879 F.3d at 621. "The description of [an official] policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena*, 879 F.3d at 622. Even, if assuming *arguendo*, that Plaintiff met his pleading burden, which Harris County denies, an officer's mere failure to follow an internal policy or regulation does not establish a constitutional violation for purposes of liability under §1983. *See Williams v. Banks,* 956 F.3d 808, 812 & n. 11 (5th Cir. 2020). Plaintiff has, therefore, failed to carry his burden of specifically identifying an official policy or custom of Harris County that allegedly caused a violation of his constitutional rights.

14. Second, the only facts that Plaintiff states with any specificity relate to the alleged misconduct of Precinct #4 Deputies [Doc. #18]. Harris County cannot be liable for civil rights violations under a theory of *respondeat superior* or vicarious liability. *See Monell*, 436 US at 694; *Davidson v. City of Stafford,* 848 F.3d 384, 395 (5th Cir. 2017); *see also Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578) ("Isolated unconstitutional actions by [government] employees will almost never trigger liability").

15. Third, Plaintiff has not pled a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly

represents a County policy. Rather, Plaintiff generically asserts that Precinct #4 has a custom, policy and/or practice of violation of constitutional rights and nothing more [Doc. #18, Count VII]. This generic, unsubstantiated statement does not establish a pattern of similar incidents. *See Peterson*, 588 F.3d at 851 ("a pattern requires similarity and specificity; prior indications cannot be for any and all bad or unwise acts, but rather must point to the specific violation in question").

16. Further, the reference to three lawsuits and over 100 allegations of destruction of evidence involving Precinct #4 is flawed because (a) there are no facts or details that show how these matters are similar to what ultimately transpired in this case; (b) the reference fails to provide any evidence that these matters actually involved unconstitutional conduct by Harris County; and (c) it fails to plausibly suggest a custom or pattern of abuse to which Harris County was deliberately indifferent [Doc. #18, ¶¶101-105]. Bare, unsubstantiated statements and conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and his claims against Harris County should be dismissed as a matter of law.

17. **No Deliberate Indifference.** The Amended Complaint is void of any plausible factual allegations of deliberate indifference or causation. Rather, Plaintiff's allegations are limited to the actions of Precinct #4 Deputies and are silent on any action or imprimatur by Harris County. The County cannot be liable for civil rights violations under a theory of *respondeat superior*. *See Davidson*, 848 F.3d at 395. Other than raw conclusions, Plaintiff has failed to meet his pleading burden and his claims against the County should be dismissed as a matter of law.

18. **Failure to Train Claim**. The standard for establishing liability for failure to train claim is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544 (citing

*Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005). To prevail on a failure to train claim, Plaintiff must identify with specificity the inadequate or deficient training policy; connect the policy to Harris County itself; and establish that the execution of the policy directly caused the alleged injuries. *See Jackson v. Valdez*, 852 F. App'x 129, 135 (5th Cir. 2021) (per curiam); *Vega v. Cameron Cnty, Tex.*, 856 F. App'x 532, 533 (5th Cir. 2021); *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 170 (5th Cir. 2010); *see Roberts*, 397 F.3d at 293 (plaintiff <u>must allege with specificity</u> how a particular training program is deficient." In short, Harris County's decision not to train certain employees about their legal duty to avoid violating citizens' rights can <u>only</u> be considered an official government policy where the failure amounts to "deliberate indifference" to the rights of person with whom the employees come into contact. *See Connick v. Thompson*, 563 U.S. 51 (2011). "Deliberate indifference is a stringent standard of fault, requiring proof that a [County] actor disregarded a known or obvious consequence of his action." *Id.* at 61.

19. To establish deliberate indifference in the failure to train context, Plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2008); *see also Little v. Houston Indep. School Dist.*, 894 F.3d 616, 624 (5th Cir. 2018). The single incident exception to the pattern rule is "a narrow one, and one that [the Fifth Circuit has] been reluctant to expand." *Id.* at 373. To rely on the single incident exception, "a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Roberts*, 397 F.3d at 295. Merely speculating that "additional [or better] training would have been helpful in making

8

difficult decisions does not establish liability" against the County. *Connick*, 563 U.S. at 68.

20. Other than pure speculation, Plaintiff has failed to identify any inadequacies or deficiencies in the training of any Precinct #4 deputy or law enforcement officer; failed to allege any facts to link the purported inadequate or deficient training to the alleged injuries suffered by Plaintiff; and failed to allege any facts to establish a pattern of similar incidents in which citizens have been injured as a result. *See Pinder v. Skero*, civil action no. 4:16-cv-03479, 2017 WL 11612501, at *10 (S.D. Tex. Sept. 6, 2017) ("the lack of any similar violations indicates that a violation could not be the highly predictable consequence of a failure to train). Again, threadbare allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765. Therefore, Plaintiff has failed to state a failure to train claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

21. **Failure to Supervise Claim**. Plaintiff has not identified a supervisory official of Harris County that was involved in his arrest; has not alleged any facts that established a causal connection between the alleged failure to supervise and violation of his rights; and has not alleged any facts that the failure to supervise amounted to deliberate indifference to his rights. *See Roberts*, 397 F.3d at 292. Plaintiff only makes a general allegation of failure to supervise and such is inadequate to prevent dismissal under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765; *see also Harmon*, 16 F.4th at 1162-1163; *Hale*, 642 F.3d at 499. As a result, Plaintiff has failed to state a failure to supervise claim for which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

22. **Failure to Investigate Claim**. Plaintiff loosely asserts that Harris County is liable because Precinct #4 fails to investigate claims of excessive force. This claim fails as a matter of law because

the Fifth Circuit does not recognize a cause of action for inadequate investigation. *See Henderson v. Anderson*, No.. CV H-09-548, 2011 WL 13182873, at *6 (S.D. Tex. Feb. 15, 2011), *aff'd*, 463 F. App'x 247 (5th Cir. 2012) (citing *Shields v. Twiss*, 389 F.3d 142, 150–51 (5th Cir. 2004)). Even if this was a viable cause of action, "An inadequate investigation following the subject incident will not sustain a claim of municipal liability, because the after-the-fact inadequate investigation could not have been the legal cause of the plaintiff's injury." *Holley v. Blomberg*, 142 F.Supp.3d 517, 530 (S.D. Tex. Oct. 23, 2015) (internal citation omitted). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and such claim must be dismissed with prejudice.

23. **Failure to Discipline Claim.** Like the failure to investigate claim, Plaintiff broadly asserts that Harris County, via Precinct #4, fails to discipline deputies. This claim fails because a "post-event failure to discipline an officer cannot supply the necessary linkage to establish a [County] policy." *Flores v. Harris*, civil action no. 4:17-cv-3817, 2019 WL 3216581, at *7 (S.D. Tex. July 17, 2019) (citing *Grandstaff v. City of Borger*, 779 F.2d 1129, 1132 (5th Cir. 1986)); *see also Ayala v. Aransas Cnty.*, civil action no. 2:15-cv-335, 2018 WL 10373638, at *3 (S.D. Tex. Jan. 16, 2018) (failure to discipline after the fact could **not** have been a moving force behind an alleged violation that had already occurred). Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Harris County and such claim must be dismissed with prejudice.

24. **Civil Conspiracy Claim**. To the extent that Plaintiff is making a civil conspiracy claim, such also fails as a matter of law [Doc. #18, ¶15]. It is undisputed that Precinct #4 Deputies are Harris County employees. The County and its employees constitute a single entity that cannot conspire, as a matter of law, with itself. *See Ziglar v. Abassi*, 137 S.Ct. 1843, 1865 (2017); *Swilley v. City of Houston*, 457 Fed. App'x 400, 404 (5th Cir. 2012). Simply, Plaintiff's own allegations

show he cannot, as a matter of law, establish a "conspiracy" claim and such must be dismissed as a matter of law.

25. **Malicious Prosecution Claim**. Plaintiff's claim of malicious prosecution fails as a matter of law [Doc. #18, Count VI]. There is no cause of action for malicious prosecution under federal law. *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc); *see also Cuadra*, 626 F.3d at 812-813 ("a freestanding 42 U.S.C. §1983 claim based solely on malicious prosecution is not viable").

### (2) Plaintiff's state law claims fail as a matter of law.

26. **Election of Remedies.** Plaintiff filed this lawsuit against Precinct #4 Deputies and their employer, Harris County. Pursuant to §101.106(e) of the Texas Tort Claims Act ("TTCA"), "if suit is filed...against both a governmental unit and any of its employees, the *employees shall immediately be dismissed* on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code §101.106(e); *see also Gil Ramirez Group, LLC v. Houston I.S.D.*, 786 F. 3d 400, 415-416 (5th Cir. 2015) (citing *Mission Consol. I.S.D. v. Garcia*, 253 S.W. 3d 653, 658 (Tex. 2008)) (emphasis added); *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 463 (Tex. 2010).

27. Per its plain language, §101.106(e) requires the dismissal of Precinct #4 Deputies upon the occurrence of only three conditions, all of which have been met. First, the suit at issue must have been brought under "this chapter," *i.e.*, the TTCA. This is easily satisfied as all tort causes of action brought against a governmental unit are brought under the TTCA. *See Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex.2011). Second, Plaintiff has filed suit against Harris County, a governmental unit. *See* Tex. Civ. Prac. & Rem. Code §101.001(3). Third, Plaintiff filed suit against Precinct #4 Deputies, employees of a governmental unit [Doc. #18]. Accordingly, the TTCA requires that the state law claims against Precinct #4 Deputies be dismissed. *See, e.g., Univ. of Texas Health Sci.*

*Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 643 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (101.106(e) requires dismissal of an employee when a governmental unit and employee are sued under a tort cause of action).

28. **Harris County is Immune**. Harris County enjoys governmental immunity from suit and liability in the performance of its governmental functions unless that immunity has been waived by the Legislature in clear and unambiguous language. *See Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582-584 (5th Cir. 2013) (internal citation omitted); *see also Alcala v. Texas Webb Cnty.*, 620 F. Supp. 2d 795, 801 (S.D. Tex. Jun 3, 2009); *Hillman v. Nueces County*, 579 S.W.3d 354, 357 (Tex. 2019); *see also* Tex. Gov't Code §311.034. The plaintiff has the burden to both plead and prove a clear and unambiguous legislative waiver of immunity. *See City of San Antonio v. Maspero*, 640 S.W.3d 523, 528 (Tex. 2022); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Waiver of immunity is never presumed because there is a heavy presumption in favor of immunity. *See Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). This means that Plaintiff, here, must not only establish all essential elements of §101.021's waiver provisions, but also negate the TTCA's exceptions and exclusions. *See Maspero*, 640 S.W.3d at 529; *City of San Antonio v Riojas*, 640 S.W.3d 534, 537 (Tex. 2022).

29. Under the TTCA, a governmental entity may be liable for an employee's negligence under *respondeat superior* if immunity has waived by the statute. *See* Tex. Civ. Prac. & Rem. Code §101.021. For Harris County to be held liable for the acts of an employee under the TTCA, the claim must arise under one of the specific areas of liability and the claim may not fall within an exception to the waiver. *See Alvarado v. City of Brownsville*, 865 S.W.2d 148, 155 (Tex. App. –

Corpus Christi 1993), *rev'd on other grounds*, 897 S.W.2d 750 (Tex. 1995); *see also* Tex. Civ. Prac. & Rem. Code §101.021 (list of exception to waiver).

30. Here, Plaintiff's state law tort claim of negligence is based on the force used by Precinct #4 Deputies on Plaintiff when they deployed a Taser to effectuate Plaintiff's arrest [Doc. #18, ¶50]. "Use of excessive force by a police office is an intentional tort." *Tolan v. Cotton*, Civil Action No. 4:09-cv-1324, 2015 WL 5310801, at *10 (S.D. Tex. Sept. 11, 2015) (citing *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014)); *see also Graham v. Dallas Area Rapid Transit*, 288 F.Supp.3d 711, 748 (N.D. Tex. 2017). The TTCA does not apply to a claim arising out of any intentional tort. *See* Tex. Civ. Prac. & Rem. Code §101.057; *Taylor v. Gregg,* 36 F.3d 453, 457 (5th Cir. 1994), *overruled in part by Castellano v. Fragozo,* 352 F.3d 939, 946 (5th Cir. 2003); *Riggs v. City of Pearland*, 177 F.R.D. 395, 405 (S.D. Tex. 1997). Accordingly, Plaintiff has failed to plead and prove a clear and unambiguous legislative waiver of Harris County's immunity.

31. Plaintiff attempts to "fit" his state tort claim into a waiver of immunity by asserting that his injuries were caused by the use of tangible personal property, a Taser; however, such also fails. First, Plaintiff cannot create a cause of action against the County by defining an intentional tort as negligence. *See City of Waco v. Williams*, 209 S.W.3d 216, 222-223 (Tex. App.-Waco 2006); *Graham*, 288 F.Supp.3d at 748. Second, the County was not the user of the property that allegedly caused Plaintiff's injuries. *See San Antonio State Hosp. v. Cowan,* 128 S.W.3d 244, 245–46 (Tex.2004) (§101.021(2) only waives immunity when the governmental unit is the user of the property); *Tex. Dep't. of Crim. Just. v. Rangel*, 595 S.W.3d 198, 206 (Tex. 2020). "A governmental unit [like Harris County] 'uses' personal property only if it 'authorizes or orders an employee to use the tangible personal property for a specific purpose.'" *Chavez v. Alvarado*, 550 F.Supp.3d 439, 454 (S.D. Tex. Jul. 22, 2021) (citing *Rangel*, 595 S.W.3d at 206). "Generally approving the

use of property is not enough." *Id* (citing *Rangel*, 595 S.W.3d at 207-208); *see also Harris County v. Annab*, 547 S.W.3d 609, 613 (Tex. 2018). The government must authorize or order the use of the property in the specific incident at issue. *Id* (citing *Annab*, 547 S.W.3d at 613).

32. While Precinct #4 Deputies are generally authorized to use a Taser, Plaintiff has not alleged any facts demonstrating that the County <u>specifically authorized or ordered</u> the deputies to use the Taser in response to the situation involving Plaintiff on August 28, 2020. In short, Plaintiff has not pled and will not be able to plead any clear, distinct facts that support his negligence claim and such claim remains barred by TTCA. *See Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) ("intentional conduct, no matter how it is pled, falls under the TTCA's sovereign immunity waiver exception") (internal citation omitted).

33. **Punitive Damages Claim.** In the event that Plaintiff intends to include the County in globally seeking punitive damages against the named individual defendants, such fails as a matter of law [Doc. #18, Prayer]. Plaintiff is not entitled to punitive damages from Harris County because Harris County is immune. *See Robinson v. Hunt County, Tex.*, 921 F.3d 440, n.6 (5th Cir. 2019) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)); Tex. Civ. Prac. & Rem. Code §101.024. Therefore, Plaintiff's claim for punitive damages against the County fails as a matter of law and dismissal should be with prejudice.

**B.    Conclusion.**

34. For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Harris County. Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against the County as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that the Court grant its motion and enter an order dismissing Plaintiff's claims against Harris County,

award the County its costs and attorneys' fees and grant all other relief to which this defendant is entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

Date: Nov. 17, 2022. By: */s/ Jennifer F. Callan*
JENNIFER F. CALLAN
Sr. Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793715
Fed. Bar No. 22721
Tel: (713) 274-5146 (direct)
jennifer.callan@harriscountytx.gov

GREGORY BURNETT
Sr. Assistant County Attorney
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov

Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**Attorneys for County Defendants**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

| | |
|---|---|
| Edward A. Rose, Jr., | Kent Motamedi |
| Edward A. Rose, Jr. Attorney at Law, PC | Motamedi Law, PLLC |
| 3027 Marina Bay Drive, Suite 208 | 952 Echo Lane, Suite 320 |
| League City, Texas 77573 | Houston, Texas 77024 |

*/s/ Jennifer F. Callan*
Jennifer F. Callan