## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DOUGLAS BAKER, IN HIS** | § | |
| **INDIVIDUAL CAPACITY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 4:22-CV-03103** |
| | § | |
| **DEPUTY CONSTABLE SEBASTIAN,** | § | |
| **IN HIS INDIVIDUAL CAPACITY,** | § | |
| **DEPUTY CONSTABLE C. HOOVER,** | § | |
| **IN HIS INDIVIDUAL CAPACITY** | § | |
| **(A/K/A C. HOOVER), AND** | § | |
| **HARRIS COUNTY** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS ANTHONY SEBASTIAN AND CHARLES HOOVER'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants ANTHONY SEBASTIAN ("Sebastian"), and CHARLES HOOVER ("Hoover") (together "Deputy Defendants") file this Motion to Dismiss Plaintiff's First Amended Complaint [Doc. #18] pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Deputy Defendants would respectfully show the Court as follows:

# Table of Contents

I.  Statement Of The Nature and Stage of Proceedings ................................................... 1

II. Statement of Issues and Standard of Review ........................................................... 2

    A.  Statement of Issues. ............................................................................................ 2

    B.  Standard of Review. ............................................................................................ 2

III.  Argument and Authorities ......................................................................................... 5

    A.  Plaintiff Fails To State Any Claim Upon Which Relief Can Be Granted. ......................... 5

    B.  Motion to Stay Discovery ................................................................................... 14

    C.  Conclusion. ........................................................................................................ 15

**Cases**

*Albright v. Oliver*, 510 U.S. 266, 273 (1994) ............................................................... 10

*Alexander v. Walker*, 435 S.W.3d 789 (57 Tex. Sup. Ct. J. 657, 2014) ........................ 13

*Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987).......... 11

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001)................. 3

*Arnold v. Williams,* 979 F.3d 262 (5th Cir. 2020) ........................................................ 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................... 2, 3, 14

*Backe v. Le Blanc*, 691 F.3d 645 (5th Cir. 2012) ............................................................ 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................... 2, 3

*Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979) ..................... 7

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).............................................. 4

*Bonner v. Alford*, 2014 WL 285139 (N.D. Tex. Jan. 27, 2014) *aff'd* 594 F. App'x 266 (5th Cir. 2015) .................................................................................................. 4

*Brewster v. Dretke*, 587 F.3d 764 (5th Cir. 2009)......................................................... 12

*Brothers v. Klevenhagen*, 28 F.3d 452 (5th Cir. 1994) .................................................. 8

*Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020)................................... 4

*Brown v. Lyford*, 243 F.3d 185 (5th Cir. 2001) ........................................................... 11

*Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022) ........................................................ 14

*Carter v. Reach*, 399 F. App'x 941 (5th Cir. 2010) ...................................................... 12

*Castellano v. Fragozo*, 352 F.3d 939, 954 (5th Cir. 2003)............................................. 11

*Childers v. Iglesias*, 848 F.3d 412, 415 (5th Cir. 2017) ................................................. 6

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) ..................... 3

*City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994).................................. 14

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496 (5th Cir. 2000)....................... 9, 10

*DeWitt v. Harris Cty.*, 904 S. W. 2d 650, 652 (Tex. 1995) ............................................ 14

*Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) ....................................... 7

*Freeman v. Gore*, 483 F.3d 404 (5th Cir. 2007).......................................................... 6

*Garza v. Harrison*, 574 S.W. 3d 389 (62 Tex. Sup. Ct. J. 1149, 2019)........................... 13

*Graham v. Connor*, 490 U.S. 386, 389, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)................ 7

*Haggerty v. Texas Southern University*, 391 F.3d 653 (5th Cir. 2004) ........................... 10

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ................................................................ 3

*Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-1163 (5th Cir. 2021) ............. 3

*Hartman v. Walker*, 685 Fed. App'x 366, 368 (5th Cir. 2017)........................................ 9

*Heaney v. Roberts*, 846 F.3d 795 (5th Cir. 2017)........................................................ 14

*Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016) ..................................................... 4, 12

*Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 800, 900 (5th Cir. 2019) .............. 9

*Jacobs v. West Feliciana Sheriff's Dep't*, 229 F.3d 388 (5th Cir. 2000)........................... 12

*Jones v. McIntosh*, No 4:15-CV-4462016, 2016 WL 4430481, at *5 (E.D. Tex. Aug. 22, 2016). 8

*King v. Handorf*, 821 F.3d 650 (5th Cir. 2016) ........................................................... 4

*Kingsley v. Hendrickson*, 135 S.Ct. 246, 273-76 (2015) .............................................. 10

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013)........................................................... 2

*Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) ................................................. 3

*Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144 (5th Cir. 2021) .................................. 4

*Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir.2000) ............................................. 11

*Mission Consolidated ISD v. Garcia*, 253 S.W.3d 653 (Tex. 2008) ......................... 13, 14

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) .................. 2

*Morris v. Livingston*, 739 F.3d 740 (5th Cir. 2014) ................................................................. 12

*Newman v. Obersteller*, 960 S.W.2d 621 (1997).................................................................. 13, 14

*Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993).................. 14

*Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013).............................................................. 9

*Reichle v. Howards*, 566 U.S. 658 (2012) ................................................................................... 4

*Rivera v. City of Pasadena,* 555 F.Supp.3d 443, 452 (S.D. Tex. Aug. 16, 2021) ......................... 9

*Scott v. Harris*, 550 U.S. 372 (2007)........................................................................................... 9

*Smith v. Heap*, 31 F.4th 905 (5th Cir. 2022)..................................................................... 4

*Telthorster v. Tennell*, 92 S. W. 3d 457, 460–61 (Tex. 2002) ...................................................... 14

*Tennessee v. Garner*, 471 U.S. 1,8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985).................. 5, 7, 8

*Terry v. Ohio*, 392 U.S. 1 (1968)................................................................................................. 7

*Texas Adjutant General's Office v. Ngakoue*, 408 S.W. 3d 350 (56 Tex. Sup.Ct. J. 1131 (2013) 13

*Thompson v. Upshur Cnty.*, 245 F.3d 447 (5th Cir. 2001) .......................................................... 12

*Tolan v.* Cotton, 572 U.S. 650 (2014)........................................................................................... 7

*U.S. v. Curtis*, 635 F.3d 704 (5th Cir. 2011)................................................................................. 6

*United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973) .............. 5

*United States v. Watson*, 273 F.3d 599, 602 (5th Cir.2001) ....................................................... 11

*Valencia v. Wiggins*, 981 F.2d 1440, 1443–44 (5th Cir. 1993) ................................................ 8, 9

*Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000) ............................................................. 12

*Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ................................... 3

*Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822 (S.D. Tex. Jun 5, 2019) 4

*Westfall v. Luna, 903 F.3d 534, 544 (5th Cir. 2018)* ..................................................................... 6

*Whren v. United States*, 517 U.S. 806, 817, 116 S.Ct. 1769, 1776, 135 L.Ed.2d 89 (1996) ........... 5

**Statutes**

Fed. R. Civ. P. 12(b)(6)................................................................................. 2, 3, 4, 9

Fed. R. Civ. P. 8(a)(2).................................................................................. 2

Tex. Civ. Prac. & Rem. Code §101.106(f) ........................................ 12, 13

Tex. Penal Code § 38.15 ............................................................................. 6

# I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.      This lawsuit stems from the arrest of Plaintiff on or about August 28, 2020 in Harris County, Texas [Doc. #18]. Plaintiff alleges that Harris County, and the named Harris County Constable Precinct Four ("Precinct #4") deputies violated his Fourth and Fourteenth Amendment rights (excessive force; unlawful search; unlawful seizure; and malicious prosecution) on the day in question [*Id.*]. Plaintiff also makes a state tort claim for negligent use of property and a general *Monell* claim against the County.

2.      Plaintiff filed this lawsuit in state court on August 25, 2022 [Doc. #1-1]. Harris County and the named Precinct #4 deputies (Sebastian and Hoover) timely removed the case to federal court [Doc. #1].

3.      Deputy Defendants timely filed a motion to dismiss Plaintiff's Original Complaint. [Doc. #9]. With the Court's permission, Plaintiff filed his First Amended Complaint ("Amended Complaint") on November 10, 2022. [Doc. #18]. The Amended Complaint, however, does not address the pleading deficiencies outlined in the motion to dismiss filed by Deputy Defendants. [Doc. #9].

4.      Additionally, Deputy Defendants assert that they are entitled to qualified immunity. The Complaint is deficient in operative facts necessary to overcome the presumption of qualified immunity and amounts to nothing more than general, conclusory allegations masquerading as factual conclusions of liability, which is insufficient to overcome a qualified immunity defense. Thus, Plaintiff has failed to state any claim upon which relief can be granted against Deputy Defendants, and they respectfully move this Court to dismiss Plaintiff's claims pursuant to Rule 12(b)(6).

## II.  STATEMENT OF ISSUES AND STANDARD OF REVIEW

**A.  Statement of Issues.**

5.  The issue to be ruled upon by the Court regarding the Deputy Defendants is:

    (a)  Whether Plaintiff failed to state any claim upon which relief can be granted against the Deputy Defendants?

**B.  Standard of Review.**

6.  **Rule 12(b)(6).** Rule 12(b)(6) allows a defendant to seek dismissal if a plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion, therefore, tests the legal sufficiency of the claims stated in the complaint and must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 556 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.  Surviving a motion to dismiss, therefore, requires more than hinting at "a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*.

8.      When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). "The court does not, however, 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Harmon v. City of Arlington, Texas*, 16 F.4th 1159, 1162-1163 (5th Cir. 2021) (quoting *Ashcroft*, 556 US at 678); *see also Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019); *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (internal citation omitted). Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *See Twombly*, 550 U.S. at 555; *see also Cicalese*, 924 F.3d at 765; *Lincoln v. Turner*, 874 F.3d 833,

839 (5th Cir. 2017) (complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

10.    **Qualified Immunity**.    Qualified immunity is an affirmative defense that shields a government official "from civil damages liability unless [he] violated a statute of constitutional right that was clearly established at the time of the challenged conduct." *Brown v. Coulston*, 463 F.Supp.3d 762 (E.D. Tex. May 29, 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). When a defendant invokes qualified immunity, the plaintiff must demonstrate that the defense does not apply. *See King v. Handorf*, 821 F.3d 650, 653 (5th Cir. 2016) ; *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016).

11.    "To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief." *Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022) (citing *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). Simply stated, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity" to defeat a motion to dismiss based on qualified immunity. *Arnold v. Williams,* 979 F.3d 262, 267 (5th Cir. 2020) (citing *Backe v. Le Blanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Smith*, 31 F.4th at 910. "Facts that only *conceivably* give rise to relief do not suffice." *Id.*    While a court generally takes as true what a complaint alleges, the court does not have to give credit to a plaintiff's legal conclusions or threadbare recitals of the elements of a cause of action. *Id.*; *see also Washington ex rel. J.W. v. Katy Indep. School Dist.*, 390 F.Supp.3d 822, 838 (S.D. Tex. Jun 5, 2019) ("conclusory allegations and unsubstantiated assertions cannot overcome the qualified immunity defense"); *Bonner v.*

*Alford*, civil action no. 3:10-cv-2556, 2014 WL 285139, at *2 (N.D. Tex. Jan. 27, 2014) *aff'd* 594 F. App'x 266 (5th Cir. 2015) (when qualified immunity is an issue, the complaint is subject to a heightened pleading requirement).

### III.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff Fails To State Any Claim Upon Which Relief Can Be Granted.**

12.     **42 U.S.C. Section 1983; Unlawful Search of Plaintiff's Person in Violation of His Fourth Amendment.**     To determine the constitutionality of an arrest, "[w]e must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985) (quotations omitted) (alteration in original). If an arrest is based on probable cause then "with rare exceptions ... the result of that balancing is not in doubt." *Whren v. United States*, 517 U.S. 806, 817, 116 S.Ct. 1769, 1776, 135 L.Ed.2d 89 (1996). In other words, when probable cause exists to believe that a suspect is committing an offense, the government's interests in enforcing its laws outweigh the suspect's privacy interests, and an arrest of the suspect is reasonable. See, e.g., *United States v. Robinson*, 414 U.S. 218, 235, 94 S.Ct. 467, 477, 38 L.Ed.2d 427 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment...."). Further Deputy Defendants submit that there was arguable probable cause to arrest Plaintiff Baker.

13.     Texas Penal Code § 38.15 provides, "[a] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with ... a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." *Id*. § 38.15(a)(1). To violate the statute, a person's interference must consist of more than speech alone. *Id*. § 38.15(d) ("It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only."). Accordingly, we have

held that "merely arguing with police officers about the propriety of their conduct ... falls within the speech exception to section 38.15" and thus does not constitute probable cause to arrest someone for interference. *Freeman*, 483 F.3d at 414; see also *Westfall v. Luna*, 903 F.3d 534, 544 (5th Cir. 2018). By contrast, actions such as "ma[king] physical contact with any of the officers or physically obstruct[ing]" them from performing their legally authorized duties could constitute interference. *Freeman*, 483 F.3d at 414. And "fail[ing] to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech" can also constitute interference. *Childers v. Iglesias*, 848 F.3d 412, 415 (5th Cir. 2017) (describing the state of the law as of September 2013). It is clear from the Plaintiff's complaint that Baker was not in agreement with the Deputy Defendants' decision to have his vehicle towed. Baker failed to comply with the Deputy Sebastian and Hoover's orders regarding the vehicle being towed and became physically aggressive toward Deputy Sebastian which ultimately led to Baker's detention for interference with the duties of an officer. Deputy Defendants are entitled to qualified immunity because probable cause for Baker's arrest under Section 38.15 of the Texas Penal Code existed at the time of Baker's arrest.

14.     Searches that are incident to lawful arrest are those of: the arrestee's person; any items or containers that were located on the arrestee's person at the time of the arrest; and any items or containers that were located within the arrestee's reaching distance at the time of the arrest. *Curtis*, 635 F.3d at 711–12. Because Deputy Defendants Sebastian and Hoover made a lawful arrest of Baker, they are entitled to qualified immunity for the search performed on Baker's person incident to arrest.

15.     **42 U.S.C Section 1983; Excessive Force**. Baker alleges in his Amended Complaint that he was complying with Deputy Sebastian and Hoover's command to place his hands behind his

back when Sebastian shouted "knife" and fired his taser at Baker. Baker acknowledges in his Complaint that he had a knife in his right front pocket with the clip evident by sight. Baker alleges he was semi-conscious after being tased and arrested. Plaintiff further alleges he was treated by Cypress Creek EMS and released to the custody of the Deputy Constables.

16.     When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Tolan*, 572 U.S. at 656, 134 S.Ct. 1861 (citing *Graham v. Connor*, 490 U.S. 386, 389, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). The Fourth Amendment provides protections against an officer's use of excessive force to effect an arrest or other seizure. *Graham*, 490 U.S. at 389, 394, 109 S.Ct. 1865. To prevail on an excessive-force claim, the plaintiff must show (1) an injury, (2) that resulted directly from an officer's use of force, and (3) that the force used was "objectively unreasonable." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). To determine whether the amount of force used was excessive, we must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tolan*, 572 U.S. at 656, 134 S.Ct. 1861 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985)). Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it. See *Terry v. Ohio*, 392 U.S., at 22–27, 88 S.Ct., at 1880–1883. Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and

whether he is actively resisting arrest or attempting to evade arrest by flight. See *Tennessee v. Garner*, 471 U.S., at 8–9, 105 S.Ct., at 1699–1700 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").

17.     For excessive force claims during an arrest, the Fourth Amendment and not the Fourteenth Amendment applies. The Fifth Circuit has consistently held that the Fourth Amendment's protection "does not end the moment the police gain custody and control over a suspect." *Valencia v. Wiggins*, 981 F.2d 1440, 1443–44 (5th Cir. 1993).  The Fifth Circuit has provided three conditions to be considered when drawing the line between arrestee and pretrial detainee; specifically, that an arrestee has become a pretrial detainee "after the incidents of arrest are completed, after the plaintiff has been released from the arresting officer's custody, and after the plaintiff has been in detention awaiting trial for a significant period of time." *Valencia*,  981 F.2d at 1444 (5th Cir. 1993) (emphasis in original). "It is only after these three circumstances occur that an arrestee, who was protected from excessive force under the Fourth Amendment, becomes a pretrial detainee who is protected under the Fourteenth Amendment." *Jones v. McIntosh*, No 4:15-CV-4462016, 2016 WL 4430481, at *5 (E.D. Tex. Aug. 22, 2016).  Consistent with the *Valencia* analysis, in *Brothers v. Klevenhagen*, the Fifth Circuit held that a decedent was a pretrial detainee at the time of his death, where he had been arrested, processed, detained for several hours in a station house jail cell, and then shot during transfer to a separate facility. *28 F.3d 452* (1994). Explaining its decision, the court reasoned that "[o]nce an individual has been arrested and is placed into police custody, and surely after the arresting officer has transferred the individual to a jail cell, the individual becomes a pretrial detainee, protected against excessive force by the Due Process Clause." *Id.* at 457.

18.     Deputy Defendants attached a video of the detention central to Plaintiff's claims to

demonstrate that Plaintiffs' allegations do not show a plausible claim for relief. [*See* Doc. #9-1]. When a defendant attaches evidence to a Rule 12(b)(6) motion that is referenced in the complaint and central to the plaintiff's claims, the Court may consider such evidence. *See Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co*., 920 F.3d 800, 900 (5th Cir. 2019) (internal citation omitted); *Hartman v. Walker*, 685 Fed. App'x 366, 368 (5th Cir. 2017) ("on a motion to dismiss, the court is not required to favor plaintiff's allegations over the video evidence). "In so attaching [these exhibits that are central to Plaintiffs' claims], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). To the extent that the video evidence "blatantly contradicts" Plaintiffs' allegations, the Court must rely on the recorded information over Plaintiffs' bald allegations. *See Rivera v. City of Pasadena,* 555 F.Supp.3d 443, 452 (S.D. Tex. Aug. 16, 2021) (citing *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013)); *see also Scott v. Harris*, 550 U.S. 372 (2007). Indeed, the body worn camera of Harris County Constable Precinct Four Sergeant Anthony Sebastian attached as Exhibit "A" [Doc. #9-1] shows the incident scene was unsecured and presented an unresolved threat for a period of time, as it was unknown whether Baker presented a continuing threat as repeated announcements were made for Baker to comply with the Deputy's orders. Throughout the video Baker is observed to be non-compliant and confrontational with Deputy Sebastian. Around 5:48:00 PM on the video, Deputy Sebastian pushes Baker away from Captain Hoover as Baker appears to approach Hoover in an aggressive manner. Deputy Sebastian warns Baker to step away from both deputies. Baker refuses to step away and continues to speak in an aggressive manner with Deputy Sebastian. Captain Hoover instructs Deputy Sebastian to arrest Baker. Deputy Sebastian reaches to grab Baker and Baker spins around towards Sebastian in an

aggressive manner and tells Sebastian to keep his hands off him. Captain Hoover then grab Baker's arms from behind as Deputy Sebastian suddenly tases Baker in the torso. Baker falls to the ground crawling but remained non-compliant while Deputy Defendants engaged Baker attempting to handcuff Baker. Therefore, Plaintiff has failed to state an excessive force claim under the Fourth Amendment for which relief can be granted against Deputy Defendants Sebastian and Hoover and such claim must be dismissed as a matter of law. Deputy Defendants are entitled to qualified immunity on the Fourth Amendment claim for excessive force as Baker has failed to show an injury resulted directly from the officer's use of force, and the force was objectively unreasonable.

19.     As a matter of law, a claim of alleged use of excessive force is not cognizable under the Fourteenth Amendment. See *Kingsley v. Hendrickson*, 135 S.Ct. 246, 273-76 (2015). Where, as here, a particular Amendment "'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham*, 490 U.S.at 394). Because the Fourth Amendment covers excessive force when subject is not detained in jail, the Plaintiffs should not and cannot seek relief under the Fourteenth Amendment. The Court should dismiss the Fourteenth Amendment excessive force claim against Harris County Deputy Defendants as a matter of law.

20.     **Malicious Prosecution/ Filing of a False Police Report in Violation of Plaintiff's Substantive Due Process Rights and Pursuant to the Fourteenth Amendment.** In *Haggerty*, the Fifth Circuit explained that an officer in the position of these defendants is entitled, in fact, to qualified immunity if a reasonable officer in his position could have believed that, in light of the totality of the facts and circumstances of which [they were] aware, there was a fair probability that

[Mr. Granger] had committed or was committing an offense. See ... *United States v. Watson*, 273 F.3d 599, 602 (5th Cir.2001) (explaining that probable cause's "fair probability" requires more than a bare suspicion but less than a preponderance of evidence). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir.2000) (emphasis added) (internal quotation and citation omitted); see also *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987) ("... it is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be held personally liable"). In sum, [Mr. Granger] "must clear a significant hurdle to defeat [Peterson's and Thames'] qualified immunity." *Brown*, 243 F.3d at 190. "[T]here must not even arguably be probable cause for the ... arrest for immunity to be lost." *Id*.

21.     In *Castellano v. Fragozo*, an en banc majority of this court extinguished the constitutional malicious-prosecution theory. 352 F.3d 939, 954 (5th Cir. 2003) (en banc). *Castellano* explained that claims under § 1983 are only "for violation[s] of rights locatable in constitutional text." *Id*. at 953–54.  In so far as the defendant's bad actions (that happen to correspond to the tort of malicious prosecution) result in an unreasonable search or seizure, those claims may be asserted under § 1983 as violations of the Fourth Amendment. But that makes them Fourth Amendment claims cognizable under § 1983, not malicious prosecution claims.  There is a constitutional right to be free of unreasonable searches and seizures. There is no constitutional right to be free from malicious prosecution. Therefore, qualified immunity bars Baker's Section 1983 malicious prosecution claims against Sebastian and Hoover.

22.     **Denial of Medical Care Claim.**  The Due Process Clause of the Fourteenth Amendment guarantees that a person detained by police is entitled to medical care." *Carter v. Reach*, 399 F. App'x 941, 942 (5th Cir. 2010). To establish a Fourteenth Amendment denial of medical care, a plaintiff "must allege facts showing that prison officials were deliberately indifferent to his serious medical needs." *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014); *see also Carter*, 399 F. App'x at 942.  A claim based upon alleged denial or delay in providing medical care arises only when a plaintiff alleges **facts** which plausibly show, not that an officer failed to provide or delayed medical care, but that the officer "acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference is an extremely high standard and requires more than negligent or even grossly negligent acts by the government official. *See Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009); *Hyatt v. Thomas*, 843 F.3d 172, 178 (5th Cir. 2016); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001).  Meeting this standard requires showing that the officer was "aware of a substantial and significant risk . . . but effectively disregarded it." *Jacobs v. West Feliciana Sheriff's Dep't*, 229 F.3d 388, 395 (5th Cir. 2000). Plaintiff Baker states in his amended complaint [Doc. 18, paragraph 25] that he was treated by Cypress Creek EMS after being tased. Therefore, Plaintiff has failed to state a denial of medical care claim for which relief can be granted against Deputy Defendants and such claim must be dismissed as a matter of law.

23.     **State Law Claims.**  To the extent that Plaintiff's state law tort claims for malicious prosecution/ filing of a false police report and negligent use of taser include Deputy Defendants Sebastian and Hoover [Doc. #18], such claims should be dismissed under §101.106(f), Texas Civil Practice & Remedies Code. This section of the Texas Tort Claims Act ("TTCA") is an election of remedies. *See* Tex. Civ. Prac. & Rem. Code §101.106(f). Under §101.106(f), "if a suit is filed

against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed." *Id.* All tort theories alleged against a governmental entity, including intentional torts, and whether the governmental entity is sued alone or together with its employees, are assumed to be "under" §101.106(f). *See Mission Consolidated ISD v. Garcia*, 253 S.W.3d 653, 656-657 (Tex. 2008) (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622 (1997)). The language of section 101.106(f) regarding dismissal is clear.

24.     In other words, the plaintiff must "decide at the outset whether an employee acted independently and is thus solely liable or acted within the general scope of his or her employment such that the governmental unit is vicariously liable," as provided by state statute. *Garcia*, 253 S.W.3d at 657 & n.3 (citing §§ 104.001, 104.002). The Election of Remedies provision of §101.106 "favors the expedient dismissal of governmental employees when suit should have been brought against the government." *Garza*, 574 S.W.3d at 399. The Texas Supreme Court has suggested that subsection (f) is "the appropriate avenue for dismissal of an employee who is considered to have been sued in his official capacity." *Alexander*, 435 S.W.3d at 791 (citing *Ngakoue*, 408 S.W.3d at 357-58); accord *Stinson*, 435 S.W.3d at 794.

25.     Texas recognizes an "official immunity" defense to state law claims such as malicious prosecution. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994). State actors are entitled to official immunity from state law liability for "(1) the performance of discretionary

duties (2) that are within the scope of the employees' authority, (3) provided that the employee acts in good faith." *Telthorster v. Tennell*, 92 S. W. 3d 457, 460–61 (Tex. 2002); see also *DeWitt v. Harris Cty.*, 904 S. W. 2d 650, 652 (Tex. 1995). "Texas law of official immunity is substantially the same as federal qualified immunity." Wren v. Towe, 130 F.3d 1154, 1160 (5th Cir. 1997). Accordingly, Deputy Defendants Sebastian and Hoover respectfully request that Plaintiffs' state law claims against them be dismissed under §101.106(f).

26. **Punitive Damages Claim.** Plaintiff seeks punitive damages against the two named Deputy Defendants. [Doc. #18]. Baker has failed to plead any plausible factual basis showing that Sebastian and Hoover acted with malice toward Baker. *See Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017). Accordingly, Plaintiff has failed to state a viable claim for punitive damages against Sebastian and Hoover, and such claim should be dismissed as a matter of law.

## B.    Motion to Stay Discovery

27. Sebastian and Hoover have asserted that they are entitled to qualified immunity. Immunity is intended to shield the defendant from the burdens of defending the suit.  One of the benefits of an immunity defense is "avoiding the costs and general consequences of subjecting public officials to the risks of discovery." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-144 (1993). The benefit of avoiding the burden of discovery is lost when Deputy Defendants are forced to move forward with discovery before their immunity defense has been resolved.  *See Id.* at 145; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684-86 (2009) (recognizing "serious and legitimate reasons" for the basic thrust of qualified immunity—to free government officials from the concerns of litigation, including disruptive discovery, and noting that permitting discovery to proceed as to other Deputy Defendants would prejudice Deputy Defendants who have asserted qualified immunity). Because Deputy Defendants have raised qualified immunity, discovery cannot be permitted against the immunity-asserting Deputy Defendants before this Court

rules on the pending motion to dismiss. *See Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022). Deputy Defendants therefore, respectfully move this Court to stay all discovery until their assertions of immunity are resolved.

**C.    Conclusion.**

28.    For the reasons stated herein, Plaintiff has failed to state any claim upon which relief can be granted against Deputy Defendants. Accordingly, Deputy Defendants are entitled to dismissal of Plaintiffs' claims against them as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Deputy Defendants ANTHONY SEBASTIAN and CHARLES HOOVER request that the Court grant their motion and enter an order dismissing Plaintiff's claim against them, award Deputy Defendants their costs and attorneys' fees and grant all other relief to which these Deputy Defendants are entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

Date: November 22, 2022.        By:    */s/ Gregory Burnett*
                                        GREGORY BURNETT
                                        Sr. Assistant County Attorney
                                        State Bar No. 24057785
                                        Fed. Bar No. 3785139
                                        Phone: (713) 274-5224 (direct)
                                        gregory.burnett@harriscountytx.gov

                                        JENNIFER F. CALLAN
                                        Sr. Assistant County Attorney
                                        State Bar No. 00793715
                                        Fed. Bar No. 22721
                                        Tel: (713) 274-5146 (direct)
                                        Fax: (713) 755-8823
                                        jennifer.callan@harriscountytx.gov

Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002

**Attorneys for Deputy Defendants Sebastian, and Hoover**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

Edward A. Rose, Jr.                      Kent Motamedi
Edward A. Rose, Jr., PC                  Motamedi Law, PLLC
3027 Marina Bay Drive, Suite 208         952 Echo Lane, Suite 320
League City, Texas 77573                 Houston, Texas 77024

*/s/ Gregory Burnett*
Gregory Burnett