UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS BAKER, in his § | | |
| Individual Capacity, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 4:22-CV-03103 | |
| § | | |
| DEPUTY CONSTABLE SEBASTIAN, § | | |
| In his Individual Capacity, DEPUTY § | | |
| CONSTABLE C. HOOVER, in his § | | |
| Individual Capacity (aka C. Hoover), § | | |
| HARRIS COUNTY, § | | |
|     Defendants. § | | |

**DEFENDANT HARRIS COUNTY'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "the County") files this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint [Doc. #20]. In support of said reply, Harris County would respectfully show the Court as follows:

### I.     ARGUMENT AND AUTHORITIES

**A.     Plaintiff Failed to Address Issues Raised in the County's Motion to Dismiss**

1. Plaintiff's response does not address the pleading deficiencies relating to his claims of failure to supervise[1], failure to investigate[2], failure to discipline[3], civil conspiracy, malicious prosecution and punitive damages in the County's motion to dismiss. Pursuant to Local Rule 7.4, "a failure to respond to a motion will be taken as a representation of no opposition." LR 7.4, Local Rules of Southern District of Texas. For the reasons stated in the motion to dismiss [Doc. #20]

---

[1] Plaintiff uses the word "supervise" five times in his response and nothing more.
[2] Plaintiff uses the word "investigate" one time in his response and nothing more.
[3] Plaintiff uses the word "discipline" two times in his response and nothing more.

1

coupled with Plaintiff's failure to address the same in his response, Harris County moves the Court to grant its unopposed motion to dismiss as a matter of law on these six claims.

**B.     Plaintiff's §1983 Claims Against Harris County Lack Facial Plausibility**

2.     Plaintiff argues that Harris County's Rule 12(b)(6) motion should be denied because discovery has not taken place. This argument, however, is incorrect and without merit because discovery is not necessary to dispose of a Rule 12(b)(6) motion. A Rule 12(b)(6) motion challenges the legal sufficiency of claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *Sw. Bell Tel., L.P. v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008); *see also Ackerson v. Dean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (a Rule 12(b)(6) motion to dismiss "focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits"). Discovery goes to the sufficiency of evidence to succeed on the merits of a claim, not the legal sufficiency of pleadings. Thus, Plaintiff's contention that he needs "meaningful discovery" to address the pleading deficiencies in Harris County's Rule 12(b)(6) motion fails.

3.     ***Monell* claim.** Plaintiff contends that his Amended Complaint is "more than boilerplate allegations" and gives a lengthy, yet incorrect, overview of case law on the sufficiency of boilerplate assertions to establish municipal liability[4]. In *Bell Atlantic Corp. v. Twombly*[5] and *Ashcroft v. Iqbal*[6], "the Supreme Court clarified that the pleading requirement for facts <u>rather than</u>

---

[4] Plaintiff cites *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 US 163 (1993) and four post-*Twombly* cases to support his argument that boilerplate assertions are sufficient. These authorities are inapposite because they do not apply *Twombly*'s factual plausibility standard. *Charles v. Galliano*, bases the ruling on one pre and one post-*Twombly* cases. The post-*Twombly* case did not approve boilerplate allegations and required fact pleadings that raise the claim beyond the speculative level. *Dwyer v. City of Corinth* ruling is supported by three post-*Twombly*, but the Court did not consider the correct standard in deciding the case. *Abulkhalik v. City of San Diego* cites pre-*Twombly* case as basis for ruling and such clearly conflicts with *Twombly*. *Gearin v. Rabbett* was dismissed because plaintiff's entitlement to relief was not plausible (the *Twombly* standard).
[5] 550 U.S. 544 (2007)
[6] 556 U.S. 662 (2009)

conclusions lies within Rule 8(a), not any heightened pleading standard. The difference between the Rule 8(a) and the impermissible heightened pleading standard is in the factual particularity or specificity needed to state a claim." *Twombly*, 550 U.S. at 569 n. 14 (emphasis added). "Requiring a plaintiff to allege facts sufficient to infer the existence of an official policy or custom does not impose an impermissible heightened pleading requirement." *White v. City of Dallas*, Civil Action No. 3:12-cv-2145, 2013 WL 821992, at *4-5 (N.D. Tex. Feb. 8, 2013).

5. Other than self-serving statements that his pleading is sufficient on his *Monell* claim, Plaintiff has failed to defend any facts that plausibly establish an official policy or custom was the moving force of the alleged violation of his constitutional rights. *See Horvath v. City of Leander*, 946 F.3d 787, 793 (5th Cir. 2020); *Ratliff v. Aransas Cnty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). Further, Plaintiff's argument that a single incident is sufficient to withstand a motion to dismiss is also mistaken [Doc. #22, pg. 7]. The single incident exception to the pattern rule is "a narrow one, and one that [the Fifth Circuit has] been reluctant to expand." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 373 (5th Cir. 2008). In short, Plaintiff must plead plausible facts to establish a pattern that fairly represents a County policy and such has not been done in this case. Simply, Plaintiff's Amended Complaint lacks any plausible factual allegations of culpability and causation necessary for liability to attach to Harris County. Plaintiff must "plead facts that plausibly support each element of §1983 municipal liability," which has not been done in the case at bar. *Covington v. City of Madisonville*, 812 Fed. App'x. 219, 224 (5th Cir. 2020).

6. Additionally, Plaintiff mistakenly argues that the County incorrectly contends that Harris County along with the Sheriff's Office and Constable's Office are not proper policymakers. Such

argument was not made in the County's motion to dismiss and the County's motion speaks for itself. For the reasons stated herein and the motion to dismiss, Plaintiff's §1983 claims against Harris County lack facial plausibility, and the Court should grant the County's Rule 12(b)(6) motion.

7.      **Failure to Train Claim**. Again, Plaintiff only makes self-serving statements that he has pled a viable failure to train claim. Plaintiff's response does not address his failure to identify any inadequacies or deficiencies in the training of any Precinct #4 deputy or law enforcement officer; failure to link the purported inadequate or deficient training to the alleged injuries suffered by Plaintiff; and failure to establish a pattern of similar incidents in which citizens have been injured as a result. Therefore, Plaintiff has failed to state a failure to train claim upon which relief can be granted against Harris County and such claim should be dismissed as a matter of law.

C.      **Governmental Immunity Protects Harris County from Tort Allegations**

8.      Plaintiff's state law tort claim of negligence is based on the force used by Precinct #4 Deputies on Plaintiff when they deployed a Taser to effectuate Plaintiff's arrest [Doc. #18, ¶50]. "Use of excessive force by a police officer is an intentional tort." *Tolan v. Cotton*, Civil Action No. 4:09-cv-1324, 2015 WL 5310801, at *10 (S.D. Tex. Sept. 11, 2015) (citing *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014)); *see also Graham v. Dallas Area Rapid Transit*, 288 F.Supp.3d 711, 748 (N.D. Tex. 2017). The TTCA does not apply to a claim arising out of any intentional tort. *See* Tex. Civ. Prac. & Rem. Code §101.057; *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994), *overruled in part by Castellano v. Fragozo,* 352 F.3d 939, 946 (5th Cir. 2003); *Riggs v. City of Pearland*, 177 F.R.D. 395, 405 (S.D. Tex. 1997).

9.      Plaintiff attempts to "fit" his state tort claim into a waiver of immunity by asserting that his injuries were caused by the use of tangible personal property, a Taser; however, such also fails. For the reasons herein and the motion to dismiss, Plaintiff has not pled and will not be able to plead

any clear, distinct facts that support his negligence claim and such claim remains barred by TTCA. *See Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) ("intentional conduct, no matter how it is pled, falls under the TTCA's sovereign immunity waiver exception") (internal citation omitted).

**D.     Conclusion.**

10.     For the reasons stated above and in the motion to dismiss [Docs. #20], Plaintiff has failed to state any claim upon which relief can be granted against Harris County. Accordingly, Harris County is entitled to dismissal of Plaintiff's claims against them as a matter of law and Plaintiff's motion to amend should be denied.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY requests that this Court grant this motion to dismiss and grant all other relief to which this defendant is entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

Date: Dec. 9, 2022.          By:     */s/ Jennifer F. Callan*
                                     JENNIFER F. CALLAN
                                     Sr. Assistant County Attorney
                                     ATTORNEY-IN-CHARGE
                                     State Bar No. 00793715
                                     Fed. Bar No. 22721
                                     Tel: (713) 274-5146 (direct)
                                     jennifer.callan@harriscountytx.gov

                                     GREGORY BURNETT
                                     Sr. Assistant County Attorney
                                     State Bar No. 24057785
                                     Fed. Bar No. 3785139
                                     Tel: (713) 274-5224 (direct)
                                     gregory.burnett@harriscountytx.gov

Harris County Attorney's Office
1019 Congress
Houston, Texas 77002

**Attorneys for County Defendants**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

| | |
|---|---|
| Edward A. Rose, Jr., | Kent Motamedi |
| Edward A. Rose, Jr. Attorney at Law, PC | Motamedi Law, PLLC |
| 3027 Marina Bay Drive, Suite 208 | 952 Echo Lane, Suite 320 |
| League City, Texas 77573 | Houston, Texas 77024 |

*/s/ Jennifer F. Callan*
Jennifer F. Callan