UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS BAKER, IN HIS<br>INDIVIDUAL CAPACITY | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No.: 4:22-CV-03103 |
| DEPUTY CONSTABLE SEBASTIAN,<br>IN HIS INDIVIDUAL CAPACITY,<br>DEPUTY CONSTABLE C. HOOVER,<br>IN HIS INDIVIDUAL CAPACITY<br>(A/K/A C. HOOVER), AND<br>HARRIS COUNTY | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS ANTHONY SEBASTIAN AND CHARLES HOOVER'S
REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants ANTHONY SEBASTIAN ("Sebastian"), and CHARLES HOOVER ("Hoover") (together "Deputy Defendants" or "Defendant Deputies") file this Reply in Support of their Motion to Dismiss Plaintiff's Amended Complaint [Doc. #21]. In support of this Reply, Deputy Defendants would respectfully show the Court as follows:

**I. ARGUMENT**

**A. Plaintiff Failed to Address Issues Raised in Deputy Defendant's Motion to Dismiss**

1. Plaintiff's response to Deputy Defendant's Motion to Dismiss fails to address the pleading deficiencies relating to his claims of Unlawful Search, Excessive Force, and Malicious Prosecution/ Filing of a False Police Report. Plaintiff fails to establish a plausible claim against the Deputy Defendants. Pursuant to Local Rule 7.4, "a failure to respond to a motion will be taken

1

as a representation of no opposition." LR 7.4, Local Rules of Southern District of Texas. For the reasons stated in the motion to dismiss [Doc. #21] coupled with Plaintiff's failure to address the same in his response, Deputy Defendants move the Court to grant its unopposed motion to dismiss as a matter of law on these three claims.

**B.      Unlawful Arrest and Search Claim**

2.      Plaintiff claims he was arrested without probable cause in violation of the Fourth Amendment. In their Motion, Officers Sebastian and Hoover argue that Plaintiff's claim fails because they had probable cause to arrest Plaintiff for failure to comply with the Deputies' orders. [Doc. 21]. The Fourth Amendment requires that an arrest be supported by either a properly issued arrest warrant or probable cause. *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Resendiz v. Miller*, 203 F.3d 902, 903 (5th Cir. 2000).

3.      Deputy Defendants argue in their motion [Doc. 21], that Plaintiff was warned multiple times that his vehicle would be towed because it was disabled and not in a working condition. Because the Plaintiff's disabled vehicle was in the median on a busy highway, the Defendant Deputies did not believe it was safe for the Plaintiff to attempt to have his vehicle pulled out of the median by another passerby's vehicle. Deputy Defendants gave the Plaintiff multiple commands that the vehicle would be towed, but the Plaintiff aggressively challenged the deputies' orders by approaching the deputies in an aggressive manner. Deputy Defendants then attempted to arrest Plaintiff for failure to comply with the Deputies orders.

4. Plaintiff fails to allege any of the Deputy Defendants "violated a federal statutory or constitutional right" because he fails to connect any particular deputy to the specific acts or events at issue. (quoting *D.C. v. Wesby*, 138 S. Ct. 577, 589 (2018)).

5. In a § 1983 action, the conduct of each defendant official must be considered individually. *Meadours v. Ermel*, 483 F.3d 417, 421 (5th Cir. 2007) (citing *Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); see also *Cope v. Cogdill*, 3 F.4th 198, 207 n.7 (5th Cir. 2021) (noting where it was "unclear exactly [which officer] was responsible for each decision" that the "plaintiff must [show] that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Shefeik v. Busby*, 836 F. App'x 315, 317 n.1 (5th Cir. 2021) ("We consider qualified immunity as to each defendant individually.").

6. Because Plaintiff has not alleged specific misconduct by any of the Deputy Defendants and fails to allege how a reasonable person would conclude that the Plaintiff had not committed or was not committing an offense based upon the totality of the circumstances within the officer's knowledge, his § 1983 claims against them must fail.

7. Because Deputy Defendants Sebastian and Hoover made a lawful arrest of Baker, they are entitled to qualified immunity for the search performed on Baker's person incident to arrest.

**C.     Excessive Force Claim**

8. Plaintiff claims that Deputy Defendants used excessive force against him during the incident. To establish a claim for excessive force, a plaintiff must show "(1) [an] injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir. 2009). "The objective reasonableness of the force ... depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally

permissible." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). In assessing the objective reasonableness of an officer's actions, the "court should consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' " *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

9. Plaintiff's response to Deputy Defendants' Motion to Dismiss fails to specify the unconstitutional actions each Deputy is responsible for. Plaintiff claims Deputy Defendants used excessive force while attempting to arrest him by pushing, shoving, and tasing him while wet. Plaintiff has failed to specify what force was used by each Deputy Defendant on the Plaintiff. Plaintiff has failed to adequately plead which Deputy pushed or shoved the Plaintiff, and which Deputy actually tased the Plaintiff. Plaintiff has also failed to specify which Deputy allegedly used the excessive force that allegedly caused the alleged injury to the Plaintiff. In a § 1983 action, the conduct of each defendant official must be considered individually. Because Plaintiff has not alleged specific misconduct by any of the Deputy Defendants, his § 1983 claims against them must fail.

**D.  Malicious Prosecution/ Filing of False Police report Claim**

10. Malicious prosecution requires, among other elements, not only that there is a lack of probable cause, but also that the defendant acted with malice. See *Campbell,* 43 F.3d at 981. For a claim of malicious prosecution to be actionable, the proceedings must have been initiated primarily for a purpose other than that of bringing an offender to justice. *See* RESTATEMENT (SECOND) OF TORTS § 668 (1977). State actors other than prosecutors may be liable for damages for bad faith prosecution if they join in a malicious prosecution by prosecutors or if their

malice results in an improperly motivated prosecution without probable cause. See *Patterson v. Armatys*, 808 F.Supp. 550, 552 (E.D.Tex.1992).

11. A cause of action for malicious prosecution is not cognizable where there is no allegation of malice, ill will, or improper purpose, or that the defendant's conduct was the result of anything other than an honest, though negligent, mistake. *Campbell,* 43 F.3d at 981. Hence, an affidavit in support of an arrest warrant that omits arguable facts, but does not misrepresent material facts, does not negate probable cause. See *Morin v. Caire*, 77 F.3d 116, 122 (5th Cir.1996).

12. Deputy Defendants Sebastian and Hoover have filed a 12(b)(6) motion to dismiss Plaintiff's claim for malicious prosecution under § 1983. Defendants claim that Plaintiff has not stated a claim for malicious prosecution because causing charges to be filed without probable cause does not equate to a malicious prosecution claim under § 1983. (D.E.16, p. 1–2) (citing *Castellano v. Fragozo*, 352 F.3d 939, 953 (5th Cir.2003)). Plaintiff fails to allege which Deputy Defendant filed the charges against Plaintiff and further fails to allege how each Deputy Defendant acted with malice, ill will, or improper purpose. Plaintiff's claim for "§ 1983 malicious prosecution," as presented in the amended complaint, cannot stand and should be dismissed as a matter of law.

**E.** **Qualified Immunity Protects Deputy Defendants from Tort Allegations**

13. The doctrine of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). In striking this balance, qualified immunity shields "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818,

102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.").

14. Where a public official invokes qualified immunity as a defense to a civil action against him, the plaintiff has the burden of establishing a constitutional violation and overcoming the defense. *Jackson v. Texas*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc)). To meet this burden, a plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc). The court has discretion to decide which of the two prongs of the qualified immunity analysis to examine first. *Jackson*, 959 F.3d at 200.

15. At the 12(b)(6) stage, to hold that the defendant violated the law at step one of the qualified immunity analysis is to say that, taking the facts in the light most favorable to the plaintiff, the plaintiff has stated a claim upon which relief may be granted—that is, that the alleged conduct violated a constitutional right. *Morgan*, 659 F.3d at 384; *Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 410 (5th Cir. 2009).

16. An official's conduct is not objectively unreasonable "unless all reasonable officials in the [official's] circumstances would have then known that the [official's] conduct violated the plaintiff's rights." *Carroll v. Ellington*, 800 F.3d 154, 169 (5th Cir. 2015). When denying qualified immunity, a court must point to "controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity." *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013). Precedent existing at the time of the

challenged conduct "must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074.

17. When the defense of qualified immunity is raised in a motion filed pursuant to Rule 12(b)(6), "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.' " *McClendon*, 305 F.3d at 323 (emphasis in original) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)). A court must determine that a plaintiff's pleadings "assert facts which, if true, would overcome the defense of qualified immunity." *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014). A plaintiff seeking to overcome qualified immunity "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

## II. CONCLUSION

For the reasons stated herein, Plaintiff has failed to state any plausible claim upon which relief can be granted against Deputy Defendants. Accordingly, Deputy Defendants are entitled to dismissal of Plaintiff's claims against the Deputy Defendants as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants ANTHONY SEBASTIAN, and CHARLES HOOVER requests that the Court grant their motion and enter an order dismissing Plaintiff's claim against ANTHONY SEBASTIAN and CHARLES HOOVER, award them their costs and attorneys' fees and grant all other relief to which these defendants are entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
TEXAS BAR NO. 24088049
HARRIS COUNTY ATTORNEY

7

| | | |
|---|---|---|
| Date: December 19, 2022. | By: | */s/ Gregory Burnett* |

                                                       GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
Fax: (713) 755-8823
gregory.burnett@harriscountytx.gov

JENNIFER F. CALLAN
Sr. Assistant County Attorney
State Bar No. 00793715
Fed. Bar No. 22721
Tel: (713) 274-5146 (direct)
Fax: (713) 755-8823
jennifer.callan@harriscountytx.gov

Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002

**Attorneys for Deputy Defendants Sebastian, and Hoover**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following:

| | |
|---|---|
| Edward A. Rose, Jr. | Kent Motamedi |
| Edward A. Rose, Jr., PC | Motamedi Law, PLLC |
| 3027 Marina Bay Drive, Suite 208 | 952 Echo Lane, Suite 320 |
| League City, Texas 77573 | Houston, Texas 77024 |

                                                                       */s/ Gregory Burnett*
                                                                       Gregory Burnett